UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS IVAN FERNANDEZ
JIMENEZ,

           Plaintiff,

     v.

WARDEN, FLORIDA SOFT SIDE
SOUTH,  U.S. ATTORNEY
GENERAL,

           Defendants,

Case No. 2:26-cv-872-KCD-DNF

## ORDER

Carlos Ivan Fernandez Jimenez, proceeding pro se, has filed a collection of documents in this Court. (Doc. 1.) The centerpiece of these filings is a "Motion to Reopen and Reconsider Based on Defective Notice to Appear and Due Process Violation." (Doc. 2.)

The record tells a story of bureaucratic errors. Jimenez apparently entered the United States as a minor in 2018, at which point immigration authorities issued him a Notice to Appear. The Government erroneously checked a box on that NTA classifying him as an "arriving alien," an error that allegedly went uncorrected for eight years. Jimenez contends that immigration authorities have recently relied upon this incorrect

classification, resulting in the denial of his bond and his continued detention in an immigration facility. (*See* Doc. 2.)

The problem for Jimenez is not necessarily his story, but his audience. The opening line of the motion addresses itself to "the Honorable Immigration Judge." (Doc. 2 at 1.) And the specific relief requested—asking the court to recognize a defect in the NTA, vacate a prior denial of bond, and order a new bond hearing under a different legal classification—are actions appropriately directed to an immigration judge.

But I am not an immigration judge, and this is not an immigration court. Federal district courts have limited jurisdiction. We do not possess a roving mandate to step into the shoes of an immigration court to reopen administrative proceedings, fix an agency's paperwork errors, or directly reconsider an immigration bond denial in this posture. *See, e.g., J.G. v. Warden, Irwin Cnty. Det. Ctr.*, No. 7:20-CV-93 (HL), 2021 WL 5413661, at \*3 (M.D. Ga. Jan. 15, 2021).

To remain in federal court, a petitioner must present a valid claim that actually gives rise to federal jurisdiction. These papers—whatever they might be styled as—do not do so. They present arguments entirely rooted in the mechanics of the immigration system's own procedures. Because Jimenez offers no authority for this Court to grant the specific administrative relief he seeks, the filings are legally frivolous in this venue.

While I am sympathetic to the frustration of navigating complex agency proceedings—especially when one's liberty is at stake and the Government has allegedly made a mistake—this Court simply cannot proceed or grant the requested relief.

Accordingly, it is hereby **ORDERED**:

1. Jimenez's filings are **DENIED** and this action is **DISMISSED** **without prejudice**.

2. The Clerk of Court is directed to terminate any pending motions and close this case.

**ENTERED** in Fort Myers, Florida on April 1, 2026.

Kyle C. Dudek
United States District Judge